Dale S. Fischer, United States District Judge
Chapter 7 Trustee-Plaintiff Jason Rund moves the Court to reconsider its Order rejecting the Bankruptcy Court's Report and Recommendation (R & R) on the basis that it applied a de novo rather than clear error standard of review to claims relating to Bright Conscience Trust. Motion (Mot.), Dkt. 23. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78 ; Local Rule 7-15. The hearing set for August 20, 2018 is removed from the Court's calendar. The Motion is DENIED.
Absent "highly unusual circumstances," reconsideration is appropriate only where: (1) the court is "presented with newly discovered evidence"; (2) the court "committed clear error or the initial decision was manifestly unjust"; or (3) there is "an intervening change in controlling law." School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). In the Central District of California, a motion for reconsideration may be made only on grounds of:
(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.
L.R. 7-18. "No motion for reconsideration shall in any manner repeat any oral or *912 written argument made in support of or in opposition to the original motion." Id.
Rund has not met the standard for prevailing on a motion for reconsideration. He contends that the Court failed to consider record evidence showing that the Bright Conscience Trust, through Poshow Kirkland, consented to the Bankruptcy Court's jurisdiction by filing proofs of claims in this case. Mot. at 5-7. The record does include evidence that Poshow signed several proofs of claims. Appendix Record (REC), Dkts. 15-17, at 4376-84. But Rund did not cite to these proofs of claims in his Response to Defendants' Written Objections. See Response to Written Objections at 6-7, Dkt. 7. The Court has no duty to "paw over the files without assistance from the parties." Orr v. Bank of America, NT & SA, 285 F.3d 764, 775 (9th Cir. 2002) (quotation marks, citations, and brackets omitted). The record is about 13,000 pages. It is unreasonable to expect the Court to sift through such a voluminous record to find a few pages. "Judges are not like pigs, hunting for truffles buried in [the record]." U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam). The Court need not consider the proof of claims because Rund did not cite to them in his Response. L.R. 7-18(c). Rund's Motion is DENIED.
Even if the Court reviewed the R & R for clear error, it would have rejected it. As discussed in the R & R, the Bankruptcy Court misapplied the sham declaration rule and the badges of fraud doctrine. Order at 9-12, Dkt. 22. Because of this erroneous legal application, the Court would have rejected the R & R under a clear error standard. See Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y, 774 F.3d 935, 944 (9th Cir. 2014) ("Even if clear error review applied, it would still be appropriate to correct factual findings predicated on a misunderstanding of the governing rules of law.").
Rund's Motion for Reconsideration is DENIED.
IT IS SO ORDERED.